LAW OFFICE OF ANDRE L. KYDALA
54 Old Highway 22
P.O. BOX 5537
CLINTON, NJ  08809
(908) 735-2616
ATTORNEY FOR DEBTOR
kydalalaw@aim.com

|  |  |
|---|---|
| IN THE MATTER OF:<br><br>Johnston Holding Co | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CHAPTER 11<br><br>Judge : VFP<br><br>CASE NO: 21-16211<br><br>AMENDED CERTIFICATION IN OPPOSITION TO MOTION TO DISMISS OR FOR RELIEF FROM THE AUTOMATIC STAY |

I, Vareena Martin, hereby certify and state:

1) I am the managing member of 1121 Johnston Holdings 1121 LLC and as such am fully familiar with the facts herein especially concerning the purchase of 1121 Johnston Drive, Watchung, New Jersey, the financing of said purchase and renovation of the property.

2) On August 9, 2019, I formed 1121 Johnston Holding Company which was created for only one project that being the renovation and sale of 1121Johnston Drive, Watchung, New Jersey. I have been involved in other such renovations and sales and I estimated that the entire project from purchase through sale would take less than 12 months. The Debtor does not own and has never owned other real estate and most importantly the Debtor <u>was never a landlord no one ever occupied the property, and I never abandoned the property.</u>

3) The purchase price of the property was $849,000.00. I used personal funds derived from other successful renovations and sales to put a cash deposit down on the purchase in the amount of $127,350.00. I received a purchase money mortgage from SNCO Corp the predecessor to

Normandy Capital Trust in the amount of $721,650.00. I also received a construction loan from SNCO Corp in the amount of $265,000.00. I paid a loan origination fee to SNCO Corp in the amount of $35,640.00. My research showed that if the project was completed in my normal time frame of 6 to 9 months with the improvements I had chosen, I could resell the property for $1,499,000.00. After the closing my contractor applied for and received all necessary permits from the Borough of Watchung.

4) Pursuant to the terms of both loans all required monthly payments. Payments in the amount of $5688.00-$7800.00 were made on the purchase money mortgage as well as construction loan from the beginning of the loan through and including December 2019 .

5) In December of 2019 I requested a further construction draw and for reasons unknown to me the draw was not sent by the Lender. (SEE EXHIBIT A) Therefore in order to keep the renovation moving forward I used $60,000.00 of personal funds to pay my contractor and suppliers. To this day the Lender is still holding approximately $80,000.00 that would have allowed me to complete the job. Had I received the funds in December 2019 the job would have been completed and the property sold prior to the covid lockdown.

6) The Lender after I made the December 2019 payment finally agreed to a draw on the construction loan on 1/28/20 (SEE EXHIBIT B)

7) Thereafter between 2/1/ 20 and 4/14/20 I had several communications/ telephone conferences/ emails/texts wherein the Lender again agreed to allow the completion of the project and provide the promised construction draw. (SEE EXHIBIT C) Additional I always provided proof of insurance. I still was unaware of the foreclosure.

8) On 3/18/20 the State of New Jersey declared a state of emergency and the job site was shut down due to Covid-19 restrictions including but not limited to the Borough of Watchung not inspecting the renovations that had been completed and the contractor's workers not being able to work.

9) From March 2020 until August 2020, I was in negotiations with the lender regarding the use of

some of the construction loan to keep my monthly obligation to the lender current. Had I not used my personal funds in December when I did not get my draw, I would have had sufficient funds to maintain the loan. AT NO TIME WAS I ADVISED OR SERVED WITH A FORECLOSURE COMPLAINT. The Lender had my attorney's address, my home address, my email address and cell telephone number and it appears that when they went to serve the complaint, they served 1121 Johnston Ave Watchung an empty house or the NJ Division of Revenue.

10) In an effort to keep the project alive I had a separate LLC known as 38 Hilton Street Holding LLC which was renovating a property with the address of 38 Hilton Street East Orange, New Jersey. My profit from that job was $31,477.00. I entered into an agreement with the Lender for them to take those funds to keep 1121 Johnston Holding LLC current. The Lender was the same Lender for both projects. The person I dealt with at this juncture was Stephen Tyde the person who signed the affidavit in support of Normandy Capital's motion.

11) Thereafter on 11/21/2020 $31,477.00 was taken from the closing on 38 Hilton Street LLC (SEE EXHIBIT D)

12) It appears from Mt Tyde's affidavit that despite our agreement and despite the Lender receiving $31,477.00 the Lender applied for a rent receiver on a property with no tenants, allegedly to protect the property by winterizing it even though there was no running water because the water had been turned off and the pipes emptied to allow for the renovation. I also had a security system at the property in order to secure the contractor's tools and any materials needed for the renovation such as plumbing fixtures, electrical fixtures flooring etc. Again, I was never served with any application for a Receiver it was supposedly mailed to the job site or served on the Revenue Department of the State of New Jersey.

13) When I finally accessed the property after filing Chapter 11approximately $140,000.00 of the equipment, materials and supplies were missing which were necessary to complete the

renovation. I also became aware that the Lender had tried to sell the property to what appears to be an insider of either the lender or the receiver before the foreclosure was complete.

14) Now in the past few months the Lender returned the $23,167.00 of the $31,477.00 they took from the closing they took from the closing on 38 Hilton Holding LLC. Interestingly the way they sent me the check was to send it to the attorney that represented me when I bought the property. While they sent my attoneythe check they never asked him for my address. (SEE EXHIBIT E) THE FINAL INSULT WAS THAT THE CHECK BOUNCED

15) Finally, if given the opportunity I was denied by the lender and Covid 19. I can either sell the property as is or I have the ability with the help of my family to complete a lower grade of renovations and sell the property while instituting suit against the Lender for tortious interference with this project. THIS ALL STARTED WHEN THEY DID NOT GIVE ME THE DRAW I WAS ENTITLED TO IN DECEMBER 2019.

I hereby certify that the foregoing statements made by me are true and that if they are willfully false, I am subject to punishment.

/s/ Vareena Martin

Vareena Martin

LAW OFFICE OF ANDRE L. KYDALA

                                      Attorney for Debtors

                                      <u>/s/ Andre L. Kydala</u>

                                      Andre L. Kydala